UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

     v.                                                                              CR NO. 08-mj-216 (JMF)

ADAM HARRISON BRYANT,

     Defendant.

## DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

## FINDINGS OF FACT

1.    On March 25, 2008, at 8:41 p.m., an undercover officer posted a message on http://www.craigslist.org entitled "Family Fun." The message advertised "Family Fun for discreet clientele only." Just nine minutes later, the agent received an e-mail response from defendant, who identified himself as "Lets Play" and used the e-mail account weshouldplaytoday@hotmail.com. The defendant identified himself as a 29 year-old consultant, and requested a picture to determine whether he would be interested in "a mutually beneficial time."

2.    Numerous e-mails were exchanged between defendant and the officer, whose e-mail address was "pimpdaddyroninva@yahoo.com." The officer indicated that

1

his 13 year-old step daughter was "available" and "willing to work for daddy." Defendant, in turn, indicated that he was "[d]efinitely interested." The officer at one point sent defendant a picture of a person he represented was his 13 year-old step daughter, and defendant offered to pay $1,000, an amount he described as "the going rate," to have sex with the 13 year-old.

      3.      In these e-mails and during telephone conversations between defendant and the officer, defendant described with great specificity and in graphic detail the sexual acts he planned to perform with the 13 year-old, and indicated that he intended to photograph and videotape the sex acts. Defendant also offered to buy a night with the 13 year-old and "one of her young girlfriends."

      4.      At one point the officer informed defendant that he was backing out of the deal for fear that defendant was a police officer, and because he could not dress the 13 year-old in the revealing manner that defendant had requested for their initial public meeting. Defendant made efforts to reassure the officer and to revive the transaction.

      5.      Defendant arranged to meet the 13 year-old at a restaurant in Arlington, Virginia, on the night of March 26, 2008. He agreed to pay the officer $1,000, with $400 to be paid in cash and $600 to be paid by check. Defendant was observed at the restaurant at that time; an FBI agent posing as the 13 year-old called the defendant's cell phone and indicated that she was outside by herself and looking for her father. Defendant instructed her to enter the restaurant with limited clothing and to perform a sexual act. Defendant was then placed under arrest.

6. A search incident to defendant's arrest uncovered $437 in cash (with $400 separated out), a personal check payable in the amount of $600, a video camera, a camera cell phone, and a blackberry.

7. The defendant was arrested for violating 18 U.S.C. § 2422(b); if convicted, the defendant faces a mandatory minimum sentence of ten years imprisonment and a maximum sentence of life imprisonment.

## REASONS FOR DETENTION

Under 18 U.S.C. § 3142(e), a defendant may be detained as a danger to the community if he is charged with a crime of violence under Section 3142(f)(1)(A). There is a rebuttable presumption in favor of detention where, as here, the defendant is alleged to have committed an "offense involving a minor victim" under 18 U.S.C. § 2422. 18 U.S.C. § 3142(e). An examination of the factors required to be considered by 18 U.S.C. § 3142(g) compels the conclusion that there is a preponderance of evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

## The Statutory Standard

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

3

    a. His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

    b. Past conduct, history relating to drug or alcohol abuse;

    c. Criminal history;

    d. Record concerning appearance at court proceedings;

    e. Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

  4. The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is a preponderance of evidence[1] that release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** The offense charged is a crime of violence.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** Defendant is an attorney, is employed by a large consulting firm, and has significant family ties to the community. Several family members were present in court during his hearing, and testimony was heard concerning defendant's good character.

---

[1] See United States v. Xulam, 84 F.3d 441, 442 (D.C. Cir. 1996).

4

**The weight of the evidence.** The weight of the evidence is overwhelming. The defendant is connected to the crime by recorded telephone conversations, preserved e-mail transcripts, and visual observation.

**History relating to drug or alcohol abuse.** Defendant proffered that he has never taken an illegal drug. He has a reckless driving conviction that stems from driving under the influence of alcohol abuse, but has proffered that he has consumed very limited alcohol since that time.

**Record concerning appearance at court proceedings and prior criminal record.** Evidence was presented that defendant has appeared at all previously scheduled court proceedings.

**Whether on probation or parole at the time of the present offense.** Defendant was not on probation or parole at the time of the present offense.

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendant should be detained pending trial. It is true, as defendant has argued, that many of the factors to be considered under 18 U.S.C. § 3142 tip in his favor, including his minimal criminal background and his strong community and family ties. Nevertheless, these factors are entirely outweighed by the nature of the crime of violence which he is alleged to have committed, and the evidence of his conduct in committing that crime. Defendant employed a disturbing sophistication in arranging to have sex with the 13 year-old; he employed great specificity in, and control over, every aspect of the plan. There is no indication that this was an impulsive action or that the defendant proceeded despite regret or doubt. To the contrary, he continually sought to persuade the officer to follow through

with the arrangement, even after the officer had canceled the operation. Moreover, the ubiquity of the Internet makes it practically impossible to prevent defendant, if released, from going online and repeating his predatory behavior.

    I therefore find by clear and convincing evidence that release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate. I will, therefore, order the defendant detained without bond pending trial.

Dated: April 1, 2008                  /s/
                                      JOHN M. FACCIOLA
                                      UNITED STATES MAGISTRATE JUDGE